(815 P.2d 566)

No. 65,051 ■

DANIEL J. SULLIVAN, *Appellant/Cross-Appellee*, v. KANSAS DEPARTMENT OF REVENUE, *Appellee/Cross-Appellant.*

Opinion filed April 26, 1991.

*James F. Vano* and *William A. Cleaver*, of Cleaver, Power & Allison, Chtd, of Overland Park, for the appellant/cross-appellee.

*Brian Cox*, of Kansas Department of Revenue, of Topeka, for the appellee/cross-appellant.

Before BRISCOE, C.J., DAVIS and GERNON, JJ.

BRISCOE, C.J.: Daniel Sullivan appeals a district court order suspending his driving privileges pursuant to K.S.A. 1989 Supp. 8-1001. Kansas Department of Revenue (KDR) cross-appeals the

district court's finding that there were not reasonable grounds for the officer to believe Sullivan was operating a vehicle while under the influence of alcohol. KDR also cross-appeals the court's admission of evidence concerning Sullivan's prior safe driving record.

Both Sullivan and KDR agree it was inconsistent for the district court to find the officer had no reasonable grounds to believe Sullivan was driving while under the influence, yet to affirm the administrative suspension imposed by KDR for refusal to submit to a breath test.

Sullivan contends K.S.A. 1989 Supp. 8-1001(b) permits a law enforcement officer to request a breath test only if the officer has reasonable grounds to believe the person is operating a vehicle while under the influence of alcohol. Absent such grounds, he contends a person's refusal to submit to a test cannot support a suspension order. This issue presents a question of statutory interpretation and is subject to unlimited appellate review. *U.S.D. No. 352 v. NEA-Goodland*, 246 Kan. 137, 140, 785 P.2d 993 (1990).

K.S.A. 1989 Supp. 8-1001(b) provides in relevant part:

"A law enforcement officer shall request a person to submit to a test or tests deemed consented to under subsection (a) *if the officer has reasonable grounds to believe the person was operating or attempting to operate a motor vehicle while under the influence of alcohol* or drugs, or both, and one of the following conditions exists: (1) The person has been arrested or otherwise taken into custody for any offense involving operation or attempted operation of a motor vehicle while under the influence of alcohol or drugs, or both, in violation of a state statute or a city ordinance." (Emphasis added.)

Refusal to submit to an authorized request for a breath test results in suspension of the person's driving privileges for at least 180 days (K.S.A. 1989 Supp. 8-1001[f][1][D]), provided the statutorily required oral and written notices have been given (K.S.A. 1989 Supp. 8-1002).

The clear unambiguous language of the statute provides that Sullivan's license could be suspended only if (1) the law enforcement officer had reasonable grounds to believe Sullivan operated a vehicle while under the influence of alcohol, (2) he was arrested for an alcohol-related offense, (3) he was presented the required oral and written notices, and (4) he refused to submit to the

requested test. The district court erred in concluding the statute required automatic suspension of Sullivan's driving privileges absent a finding that the officer had reasonable grounds to believe Sullivan operated a vehicle while under the influence of alcohol.

KDR cross-appeals, contending the district court erred in finding Sullivan had proved by a preponderance of the evidence that the officer did not have reasonable grounds to believe Sullivan was operating a vehicle while under the influence of alcohol. This is a question of fact. The scope of appellate review, therefore, is whether there is substantial competent evidence to support the findings of the court. *Angle v. Kansas Dept. of Revenue*, 12 Kan. App. 2d 756, 766, 758 P.2d 226, *rev. denied* 243 Kan. 777 (1988).

This court has equated "reasonable grounds" with "probable cause." *Angle*, 12 Kan. App. 2d at 766-69. "Probable cause" to arrest refers to knowledge of facts and circumstances which would lead a prudent person to believe a suspect is committing or has committed an offense. *State v. Strauch*, 239 Kan. 203, 208, 718 P.2d 613 (1986). Existence of probable cause must be determined by consideration of the information and fair inferences therefrom, known to the officer at the time of the arrest. It is not necessary that the evidence relied upon establish guilt beyond a reasonable doubt. The evidence need not even prove that guilt is more probable than not. It is sufficient if the information leads a reasonable officer to believe that guilt is more than a possibility. *State v. Lamb*, 209 Kan. 453, 467, 497 P.2d 275 (1972).

Huerter initially stopped Sullivan's car for speeding 69 mph in a 55-mph zone. Huerter walked up to Sullivan's car, noticed an open beer can in the car, and smelled alcohol. Sullivan admitted he had had some beer and Huerter asked Sullivan to perform field sobriety tests. Sullivan swayed and was unsteady during the one-leg stand. In the heel-to-toe test, Sullivan took the wrong number of steps, he did not walk heel-to-toe, and his balance was not steady or sure while walking. On the basis of this information, Huerter arrested Sullivan. Huerter testified to the events leading up to Sullivan's arrest. The only conflicting testimony he gave was whether Sullivan's eyes were bloodshot. Sullivan admitted he had drunk five or six beers. He also testified he did not understand what would happen if he did not take the breath test.

Sullivan emphasizes that this court cannot "weigh conflicting evidence, pass on the credibility of witnesses, or redetermine questions of fact." *Mansfield Painting & Decorating, Inc. v. Budlaw Services, Inc.*, 3 Kan. App. 2d 77, 84, 589 P.2d 643, rev. denied 225 Kan. 844 (1979). However, in this case the evidence was wholly uncontradicted and the district court did not expressly pass on the credibility of Huerter's testimony. It is well established that " '[u]ncontradicted evidence which is not improbable or unreasonable cannot be disregarded . . . unless it is shown to be untrustworthy; and such uncontradicted evidence should ordinarily be regarded as conclusive.' " *Home Life Ins. Co. v. Clay*, 13 Kan. App. 2d 435, 444, 773 P.2d 666, *rev. denied* 245 Kan. 783 (1989). Huerter's testimony was uncontradicted, it was not improbable or unreasonable, and it was not shown to be untrustworthy. The district court cannot arbitrarily disregard the only evidence presented.

The only evidence which supports the findings and rulings of the district court was that Sullivan recited the alphabet accurately and his speech was not slurred. Sullivan's accurate recitation of the alphabet may be sufficient to raise a reasonable doubt in a criminal trial, but it is not sufficient to counter the other facts known to Huerter at the time Sullivan was arrested. The district court erred in finding Huerter lacked reasonable grounds to believe Sullivan operated a vehicle while under the influence of alcohol.

Given our affirmance of the suspension order, we need not reach KDR's final contention that the district court erred in admitting into evidence testimony regarding Sullivan's past driving record.

The order suspending Sullivan's driving privileges is affirmed. The court's finding that the officer lacked reasonable grounds to believe Sullivan was driving while under the influence is reversed.