(979 P.2d 1255)
No. 79,831

DAVID A. THOMAS, *Appellant*, v. KANSAS DEPARTMENT OF REVENUE, *Appellee*.

—

Opinion filed May 7, 1999.

*William S. Mills*, of McPherson, for appellant.

*Brian Cox*, of Kansas Department of Revenue, for appellee.

Before LEWIS, P.J., GREEN and KNUDSON, JJ.

KNUDSON, J.: David A. Thomas appeals the 1-year suspension of driving privileges for refusing to submit to an alcohol or drug test as provided under K.S.A. 1998 Supp. 8-1001. Thomas contends the arresting officer's certification and notice of suspension did not comply with the requirements of K.S.A. 1998 Supp. 8-1002. We affirm.

Thomas was arrested for driving under the influence of alcohol and refused to submit to a request for a breath test. The arresting officer's certification and notification of refusal, commonly referred to as a DC-27, stated, in material part:

"1. On the 29th day of December, 1996, reasonable grounds existed to believe that the above-named person . . . had been operating a vehicle while under the influence of alcohol and/or drugs . . . .

. . . .

"7. Reasonable grounds for my belief that the person was under the influence of alcohol and/or drugs: ___ odor of alcoholic beverages ___ alcoholic beverage containers found in vehicle ___ failed sobriety tests ___ slurred speech ___ bloodshot eyes ___ difficulty in communicating ___ poor balance or coordination _X_ person stated alcohol/drugs consumed ___ failed preliminary screening test ___ other (explain) _____."

K.S.A. 1998 Supp. 8-1002(a)(1) provides, in material part, that the officer's certification shall include a statement that "[t]here existed reasonable grounds to believe the person was operating or attempting to operate a vehicle while under the influence of alcohol or drugs."

Thomas argues that the arresting officer's certification was legally insufficient because it did not state with particularity sufficient allegations of fact to support reasonable grounds, see *Sullivan v. Kansas Dept. of Revenue*, 15 Kan. App. 2d 705, Syl. ¶ 2, 815 P.2d 566 (1991), equating reasonable grounds with a traditional probable cause standard.

Whether the DC-27 is required to set forth detailed facts supporting reasonable grounds requires an interpretation of K.S.A. 1998 Supp. 8-1002. Our standard of review is unlimited. *Kansas Dept. of Transportation v. Humphreys*, 266 Kan. 179, 182, 967 P.2d 759 (1998).

K.S.A. 1998 Supp. 8-1002(a)(1) only requires that a law enforcement officer certify that there did exist reasonable grounds to believe Thomas was driving under the influence of alcohol or drugs. We reject the suggestion that there should be read into the statute a requirement that the DC-27 must contain a factual statement of reasonable grounds comparable to a probable cause affidavit for an arrest or a search warrant. All that is required under the statute is the conclusory statement of the officer.

Thomas makes no argument that his driver's license should not have been suspended based upon the evidence presented at the subsequent administrative hearing held in compliance with K.S.A. 1998 Supp. 8-1002(h)(1).

We conclude the district court did not err in affirming the suspension order imposed by the Department of Revenue.

Affirmed.