No. 102,134

DANIEL STEPHEN ALLEN, II, *Appellee*, v. KANSAS DEPARTMENT OF REVENUE, *Appellant*.

(256 P.3d 845)

Opinion filed August 5, 2011.

*John D. Shultz*, of Legal Services Bureau, Kansas Department of Revenue, argued the cause, and *James G. Keller*, of the same office, was on the brief for appellant.

*Michael S. Holland II*, of Holland and Holland, of Russell, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

GATTERMAN, J.: The Kansas Department of Revenue issued an administrative order suspending Daniel Allen, II's driving privileges. Allen appealed the administrative action to the district court. The district court reversed the administrative order, holding there were no reasonable grounds for the officer to administer an evidentiary breath test under K.S.A. 2007 Supp. 8-1001. Additionally, the district court found K.S.A. 2007 Supp. 8-1012 unconstitutional both on its face and as applied in this case. The Kansas Department

of Revenue appeals. The issues on appeal and our accompanying holdings are as follows:

1. Did the district court err in ruling that there were no reasonable grounds to require a test under the Kansas Implied Consent Law, absent the result of the preliminary breath test? Yes.
2. Is K.S.A. 2007 Supp. 8-1012 unconstitutional on its face or as applied in this case? Need not reach.

### FACTS

The facts in this case are not in dispute. On July 14, 2007, Trooper Scott Walker of the Kansas Highway Patrol noticed Daniel Allen driving left of center multiple times on a rural road in Ellsworth County. Allen failed to dim his headlights a proper distance from an oncoming car and twice drove into the opposing lane in a no-passing zone. After witnessing Allen's traffic infractions, Walker initiated a stop of Allen's vehicle.

Walker noticed that Allen had bloodshot watery eyes and a moderate odor of alcohol radiating from him. Allen, who was 20 years old at the time of the incident, informed Walker that he had been drinking. Allen would eventually inform Walker that he had consumed six beers. Walker requested Allen perform standardized field sobriety tests. Walker administered two different field tests— the walk-and-turn test and the one-leg-stand test. Allen exhibited three clues of intoxication on the walk-and-turn test and one clue on the one-leg-stand test.

Walker then asked Allen to submit to a preliminary breath test (PBT) as authorized by K.S.A. 2007 Supp. 8-1012. Walker used a CMI Alco-Sensor III, a device approved by the Kansas Department of Health and Environment. He waited 15 minutes to conduct the test and read the statutory notices required by K.S.A. 2007 Supp. 8-1012(c). According to Walker, Allen agreed to a PBT and then failed the test with a .087 result. He was arrested and later failed an evidentiary breath test.

After an administrative hearing, the Department of Revenue issued an administrative order suspending Allen's driving privileges. Allen timely filed a petition for review with the district court. The district court held that K.S.A. 2007 Supp. 8-1012 was unconstitu-

tional, both as applied in this case and on its face. Consequently, the district court ruled that the PBT result could not be used to determine if there were reasonable grounds to request the evidentiary breath test under K.S.A. 2007 Supp. 8-1001. The district court ultimately held that there was not sufficient evidence to provide reasonable grounds for the officer to believe that Allen was operating a vehicle under the influence of alcohol absent the PBT result. Because the district court held K.S.A. 2007 Supp. 8-1012 unconstitutional, we assumed jurisdiction pursuant to K.S.A. 60-2101(b).

More facts will be added to the analysis as necessary.

## Analysis

Issue 1: *The district court erred in ruling that there were no reasonable grounds to require a test under the Kansas Implied Consent Law, absent the result of the preliminary breath test.*

As applicable to this case, the Kansas Implied Consent Law, found at K.S.A. 2007 Supp. 8-1001, provides that a law enforcement officer shall request that a person submit to one or more tests of the person's blood, breath, urine, or other bodily substance to determine the presence of alcohol or drugs if the officer has "reasonable grounds to believe the person was operating or attempting to operate a vehicle while under the influence of alcohol or drugs." K.S.A. 2007 Supp. 8-1001(a), (b). K.S.A. 2007 Supp. 8-1012(b) states that a law enforcement officer may request a person who is operating or attempting to operate a vehicle to submit to a PBT "if the officer has reasonable suspicion to believe the person has been operating or attempting to operate a vehicle while under the influence of alcohol or drugs." An officer may use the PBT results to help determine whether "an arrest should be made and whether to request the tests authorized by K.S.A. 8-1001." K.S.A. 2007 Supp. 8-1012(d). Unless an individual is challenging his or her arrest or the validity of the request to submit to a K.S.A. 2007 Supp. 8-1001 test, PBT test results are not admissible in any civil or criminal action. In other words, PBT results are limited to aiding an officer in determining whether he or she has probable cause to arrest or reasonable grounds to request the additional testing au-

thorized by K.S.A. 2007 Supp. 8-1001. See K.S.A. 2007 Supp. 8-1012(d).

The district court concluded that K.S.A. 2007 Supp. 8-1012 was unconstitutional and that absent the results of the PBT Trooper Walker lacked reasonable grounds to request an evidentiary breath test. We first examine the question of reasonable grounds, absent the results of the PBT, because its resolution may eliminate the need for us to address Allen's constitutional challenge to K.S.A. 2007 Supp. 8-1012. See *Wilson v. Sebelius*, 276 Kan. 87, 91, 72 P.3d 553 (2003) ("Appellate courts generally avoid making unnecessary constitutional decisions. Thus, where there is a valid alternative ground for relief, an appellate court need not reach constitutional challenges to statutes.").

As we recently recognized in *Smith v. Kansas Dept. of Revenue*, 291 Kan. 510, 513, 242 P.3d 1179 (2010), "the issue as to whether an officer has reasonable grounds to believe someone is operating or attempting to operate a vehicle while DUI is strongly related to whether that officer had probable cause to arrest" (citing *Bruch*, 282 Kan. at 775). Additionally, while we have found reasonable grounds to be synonymous with probable cause, we have also recognized that "an officer may have reasonable grounds to believe a person is operating a vehicle under the influence sufficient to request a test under the statute—but not have the probable cause required to make an arrest under K.S.A. 8-1001." *Smith*, 291 Kan. at 514 (citing *Bruch*, 282 Kan. at 776); see *Huelsman v. Kansas Dept. of Revenue*, 267 Kan. 456, 460-61, 980 P.2d 1022 (1999).

Kansas courts rely on probable cause standards when reviewing whether an officer had reasonable grounds to request an evidentiary breath test. See *Smith*, 291 Kan. at 514-15 (using probable cause standards); *State v. Jones*, 279 Kan. 71, 81-82, 106 P.3d 1 (2005) (holding the officer lacked probable cause and reasonable grounds to administer a PBT); *Campbell v. Kansas Dept. of Revenue*, 25 Kan. App. 2d 430, 431-32, 962 P.2d 1150 (1998) (citing probable cause standards); *Sullivan v. Kansas Dept. of Revenue*, 15 Kan. App. 2d 705, 707-08, 815 P.2d 566 (1991) (applying probable cause and reasonable ground standards). Probable cause is the reasonable belief that a specific crime has been or is being committed

and that the defendant committed the crime. *State v. Abbott*, 277 Kan. 161, 164, 83 P.3d 794 (2004). Existence of probable cause must be determined by consideration of the information and fair inferences therefrom, known to the officer at the time of the arrest. *Bruch*, 282 Kan. at 775-76. Probable cause is determined by evaluating the totality of the circumstances. *State v. Hill*, 281 Kan. 136, 146, 130 P.3d 1 (2006). As in other totality of the circumstance tests, there is no rigid application of factors and courts should not merely count the facts or factors that support one side of the determination or the other. *State v. McGinnis*, 290 Kan. 547, 552-53, 233 P.3d 246 (2010); see *Smith*, 291 Kan. at 515 (holding that the defendant's lists of facts did not negate the other factors presented).

Our adoption of probable cause standards informs our standard of review. Generally, following a trial de novo, we review the trial court's decision in a motor vehicle license suspension case to determine if it is supported by substantial competent evidence. *Drake v. Kansas Dept. of Revenue*, 272 Kan. 231, 233-34, 32 P.3d 705 (2001). However, here the parties agree that there is no underlying factual dispute. Consequently, we exercise de novo review. See *State v. Ingram*, 279 Kan. 745, 752, 113 P.3d 228 (2005) ("Determining whether probable cause to arrest exists under our undisputed facts affords us a de novo review."). Finally, to the extent our review includes construction of applicable statutes, we exercise unlimited review. *Bruch*, 282 Kan. at 772.

Trooper Walker testified that the following factors provided reasonable grounds to request a test under K.S.A. 2007 Supp. 8-1001: (1) He smelled alcohol during his initial contact with Allen; (2) he observed Allen's bloodshot and watery eyes; (3) Allen admitted to drinking that evening; (4) Allen was a minor at the time of the incident; (5) Allen committed three errors on the walk-and-turn test; (6) Allen twice drove into the opposing lane in a no-passing zone; and (7) Allen failed to dim his headlights appropriately as on-coming traffic approached.

Allen argues in his support: (1) his reaction to the lights and sirens was appropriate; (2) he presented only one clue on the one-leg-stand field sobriety test, which is considered passing; (3) he was

able to effectively communicate with Trooper Walker; (4) he appropriately reached for his wallet and driver's license; (5) he performed well on the walk-and-turn test even though he exhibited three clues; and (6) Trooper Walker failed to administer additional field sobriety tests.

Allen analogizes his case to the situation in *City of Norton v. Wonderly*, 38 Kan. App. 2d 797, 172 P.3d 1205 (2007), *rev. denied* 286 Kan. 1176 (2008). In *Wonderly*, an officer pulled the defendant over based on allegations of reckless driving. The officer was suspicious that the defendant was DUI and transported him to the police station to conduct field sobriety testing. The defendant argued that transporting him to the police station was an arrest and that the officer lacked probable cause to arrest him, and the Court of Appeals agreed.

At the time of the arrest, admissible evidence "showed that Wonderly initially disobeyed an order to get back into his truck, he had bloodshot eyes, the smell of alcohol was on his breath, and he admitted to drinking earlier that evening. Additionally, [the officer] knew that a motorist had called law enforcement earlier that night and accused Wonderly of driving his truck in a reckless manner." 38 Kan. App. 2d at 808. The Court of Appeals held that the officer lacked probable cause to arrest the defendant based on the limited evidence. The Court of Appeals noted the fact that the officer transported the defendant back to the police station in order to conduct further tests "supports the conclusion" that the officer lacked probable cause to arrest the defendant based on the insufficient evidence. 38 Kan. App. 2d at 808-09.

*Wonderly* is easily distinguished. Unlike *Wonderly*, field sobriety testing was performed at the scene and the defendant failed one of the tests. Furthermore, the question before the Court of Appeals panel in *Wonderly* arose in an unusual set of circumstances, *i.e.*, when a law enforcement officer transported the defendant back to the station for further testing. Additionally, Court of Appeals panels have generally distinguished the opinion. See *State v. Knopp*, No. 102,972, 2010 WL 3853225 (Kan. App. 2010) (unpublished opinion); *State v. Bottenberg*, No. 102,886, 2010 WL 3662825 (Kan. App. 2010) (unpublished opinion), *rev. denied* 291 Kan. 914

(2010); *State v. Bohnen*, No. 101,138, 2010 WL 173953 (Kan. App. 2010) (unpublished opinion). Generally, when a defendant admits to consuming alcohol, has bloodshot eyes, has committed traffic infractions, and makes a few albeit limited errors on field sobriety tests, Kansas courts have concluded that the officer had reasonable grounds to request a breath test. See *Smith*, 291 Kan. at 515, 518-19; *State v. Shaw*, 37 Kan. App. 2d 485, 154 P.3d 524, *rev. denied* 284 Kan. 950 (2007); *Campbell*, 25 Kan. App. 2d at 431-32; *Sullivan*, 15 Kan. App. 2d at 707-08; but see *State v. Pollman*, 41 Kan. App. 2d 20, 32, 204 P.3d 630 (2008) (no probable cause to arrest where there were no physical manifestations of intoxication and no indication of erratic driving).

While we find *Wonderly* to be of little assistance, this case shares several factual similarities with our recently decided *Smith* opinion. In *Smith*, the district court ruled that the arresting officer possessed reasonable grounds to believe Smith had been operating a motor vehicle while DUI, and we affirmed. *Smith*, 291 Kan. at 513, 515. The arresting officer in *Smith* recognized the following clues of intoxication:

"(1) smelling alcohol upon his initial contact with Smith; (2) observing Smith had bloodshot and watery eyes; (3) Smith's admission to having a few drinks that evening; (4) Smith's admission that his last drink was approximately 30 minutes before his contact with the trooper; (5) the smell of alcohol wafting from Smith's truck; (6) viewing an open container in Smith's truck; (7) Smith's difficulty with a prefield sobriety test; (8) Smith presenting two clues on the walk-and-turn field sobriety test; and (9) Smith presenting one clue on the one-leg-stand field sobriety test." *Smith*, 291 Kan. at 518-19.

Akin to the officer in *Smith*, Trooper Walker smelled alcohol (1), observed bloodshot eyes (2), Allen admitted to drinking (3), the smell of alcohol was coming from Allen (5), Allen presented three clues on the walk-and-turn field sobriety test (8); and Allen presented one clue on the one-leg-stand field sobriety test (9). In fact, there are additional factors that Trooper Walker considered including Allen's status as a minor at the time of the incident in possible violation of K.S.A. 2007 Supp. 41-727(a); Allen's driving into the opposing lane in a no-passing zone; and Allen's failure to dim his headlights appropriately as on-coming traffic approached.

Under these factual circumstances, Trooper Walker had good reason to "believe that guilt [was] more than a possibility." See *Bruch*, 282 Kan. at 775-76; accord *Smith*, 291 Kan at 519. Consequently, Trooper Walker possessed reasonable grounds to request a breath test under K.S.A. 2007 Supp. 8-1001 without the results of the PBT.

Because we need not discuss Allen's constitutional challenge to K.S.A. 2007 Supp. 8-1012, we do not do so. Even absent the PBT, Trooper Walker possessed reasonable grounds for requesting a breath test. See *Smith*, 291 Kan. at 519; *Wilson*, 276 Kan. at 91.

The judgment of the district court is reversed, and the case is remanded for further proceedings consistent with this opinion.

\* \* \*

JOHNSON, J., dissenting: I respectfully dissent from the majority's determination that under the factual circumstances presented in this case the district court erred, as a matter of law, in finding that Trooper Walker did not possess reasonable grounds to request a breath test without the preliminary breath test (PBT) results. I would defer to the district court's assessment of witness credibility and its weighing of the competing facts.

The majority pays lip service to the appropriate manner in which to determine probable cause, *i.e.*, "by evaluating the totality of the circumstances." It even acknowledges that the totality of the circumstances test does not involve a "rigid application of factors" and that "courts should not merely count the facts or factors that support one side of the determination or the other." 292 Kan. at 657. Yet, after opining that the probable cause standards inform our review of reasonable grounds, the majority supports its reversal of the district court by enumerating only those portions of the trooper's testimony that support the State's side of the equation.

Even though Allen did not challenge the State's factual recitation, he pointed out a number of factors that indicate he was not legally impaired, such as passing the one-leg-stand field sobriety test. A review of the *totality* of the circumstances should, as the phrase implies, also include a consideration of the exculpatory factors. The trial court must weigh the competing factors to develop

an overall picture of what the circumstances reasonably indicated to the trooper. By cherry-picking the trooper's testimony to glean a list of inculpatory factors without placing them in the context of Allen's exculpatory conduct, the majority has essentially reviewed the evidence in the light most favorable to the State, which lost below. Cf. *Unruh v. Purina Mills*, 289 Kan. 1185, 1195, 221 P.3d 1130 (2009) (when verdict challenged as contrary to the evidence, appellate court considers the evidence in the light most favorable to the prevailing party).

Moreover, I do not find *Smith v. Kansas Dept. of Revenue*, 291 Kan. 510, 242 P.3d 1179 (2010), to be as persuasive as the majority. In *Smith*, the district court found the existence of reasonable grounds and made specific findings in its journal entry. *Smith's* list of inculpatory factors was gleaned from the district court's findings and was used to *affirm* the district court's ruling. That process was consistent with our directive to give deference to the district court's findings of fact, accepting as true the evidence and any inferences *that support or tend to support* the district court's findings. See *State v. Combs*, 280 Kan. 45, 47, 118 P.3d 1259 (2005).

In contrast, the district court in this case did not make specific factual findings in support of its ruling that the trooper did *not* have reasonable grounds to request a breath test. Ordinarily, we would presume that the trial court found all the facts necessary to support its judgment. *Hodges v. Johnson*, 288 Kan. 56, 65, 199 P.3d 1251 (2009). Instead, the majority went in search of evidence that would *not* support or tend to support the district court's ruling and compiled its own list of relevant facts, which it then compared to the judgment-supporting list in *Smith*. Accordingly, I would not find the factual comparison with *Smith* to be the answer to reviewing the totality of the circumstances in this case.

The problem with an appellate court focusing entirely on the inculpatory facts, rather than the totality of the circumstances, is poignantly illustrated by the trooper's testimony about Allen's performance on the field sobriety tests. The trooper acknowledged that Allen passed the one-leg stand. However, the trooper opined that Allen exhibited three clues on the walk-and-turn test, which he characterized as a test failure. Allen contends that the descrip-

tion of his performance on the walk-and-turn indicates that he performed fairly well on the test. We do not know whether the district court may have agreed with Allen, viewing the trooper's "clues" on the walk-and-turn test as slight or technical errors and placing considerably more weight on Allen's successful completion of the one-leg-stand test. Accordingly, I would have deferred to the district court's weighting of the evidence and affirmed its determination that the trooper did not possess reasonable grounds to request a breath test without the PBT results.

BRUCE T. GATTERMAN, District Judge, assigned.