NOT DESIGNATED FOR PUBLICATION

No. 117,708

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JAMES E. BOWEN,
*Appellee*,

v.

KANSAS DEPARTMENT OF REVENUE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Cherokee District Court; OLIVER KENT LYNCH, judge. Opinion filed February 9, 2018. Reversed and remanded with directions.

*Adam D. King*, of Kansas Department of Revenue, of Topeka, for appellant.

No appearance by appellee.

Before MCANANY, P.J., GARDNER, J., and TIMOTHY L. DUPREE, District Judge, assigned.

PER CURIAM: James E. Bowen was arrested for suspicion of driving under the influence of alcohol. He refused to take a breath-alcohol test. At his administrative hearing, the Kansas Department of Revenue (KDOR) upheld the suspension of Bowen's driving privileges. Bowen appealed this decision to the district court. While hearing the case de novo, the district court determined the certifying officer did not have reasonable grounds to believe Bowen was operating a vehicle under the influence of alcohol, reversed the administrative decision, and granted Bowen's petition to reinstate his driving privileges. The KDOR now appeals, asserting that the certifying officer had reasonable grounds to believe Bowen was operating a vehicle under the influence of alcohol and

1

requests that the administrative decision be reinstated. We agree with the KDOR and remand this to the district court with the order to reinstate the administrative decision.

FACTS

On June 9, 2016, dispatch received a call informing them that a vehicle was swerving and driving erratically while proceeding northbound on Highway 69 approaching Columbus, Kansas. Dispatch advised all officers of this call and requested the officers investigate this claim.

Columbus Officer Zack Elmore observed the reported vehicle swerving on Country Road, which is outside the city limits, and requested permission to intercept the vehicle. Sheriff Robert Trenton Martin granted Elmore permission, and Elmore effectuated the traffic stop outside the city limits. After Elmore effectuated the traffic stop, he made contact with the driver who was discovered to be Bowen. Elmore checked Bowen's driver's license and insurance and waited for Martin to arrive at the scene to conduct the investigation. When Martin arrived on the scene, Elmore informed him the vehicle was going "into the west and eastbound lane, pretty erratically into the westbound lane, back in the eastbound lane and back in westbound lane." Elmore further informed Martin that he smelled the odor of alcohol when making contact with Bowen. Elmore further informed Martin that when he confronted Bowen about the smell, Bowen admitted that he had had a couple of drinks. Martin then proceeded to take over the investigation.

Martin made contact with Bowen, who was still sitting in the driver's seat in his vehicle, and asked Bowen if he had had anything to drink. Bowen again said that he had had a couple of drinks. Martin reported that he could also smell alcohol coming from Bowen. Based on his observations, Martin asked Bowen to step out of his vehicle and proceeded to conduct a field sobriety test. Bowen subsequently failed the field sobriety

2

test and was unable to complete the preliminary breath test. Martin took Bowen's inability to properly blow as a refusal to take the preliminary breath-alcohol test. Martin took Bowen into custody for driving while under the influence of alcohol.

Officers are required to complete an Officer's Certification and Notice of Suspicion, Form DC-27, when a suspect has refused a breath test or has failed a breath test. Form DC-27 initiates driver's license suspension proceedings. As part of Form DC-27, the officer must certify that he had reasonable grounds to believe the defendant had been operating a vehicle while under the influence of alcohol. The officer must also certify the reason for the initial contact.

In filling out the DC-27 form for this incident, Martin certified in paragraph 5 that the initial contact had been made because "officer observed vehicle swerving," which is a traffic infraction. Martin next certified in paragraph 6 that reasonable grounds existed for believing that Bowen was operating a vehicle, but he failed to disclose what the reasonable grounds were. Martin was the only officer to sign the DC-27 form and to certify that there were reasonable grounds to believe Bowen was operating a vehicle while under the influence of alcohol. Elmore, who witnessed Bowen's traffic infractions, did not sign the DC-27 or otherwise certify the information to be true.

Bowen requested a formal administrative hearing prior to the suspension of his driver's license. In his request for the administrative hearing, Bowen reasoned that his license should not be suspended because Martin failed to mark the appropriate boxes in paragraph 6. The administrative hearing officer affirmed the order to suspend Bowen's driver's license that was accompanied by the DC-27 form. Bowen appealed this administrative decision to the district court.

At the district court, Bowen argued his driving privileges should not be revoked because (1) Elmore was out of his jurisdiction when he effectuated the stop and (2)

Martin did not have reasonable grounds to believe Bowen was operating or attempting to operate a motor vehicle because he never witnessed Bowen operating the vehicle.

When asked at trial about his reasonable belief that Bowen was operating the vehicle, Martin stated: "[Bowen] was sitting in the driver's seat of the vehicle; and also that the officer . . . that initiated the car stop on that vehicle [told me] he was the driver of the vehicle at the time the officer observed the vehicle during the traffic infraction; also whenever he made contact with the driver." Martin further stated that he did not observe Bowen operating or attempting to operate a vehicle and that the observing officer is usually the one who certifies that the action occurred.

After hearing testimony, the district court held that Martin lacked reasonable grounds to believe Bowen was operating the vehicle and granted Bowen's petition to keep his driver's license. In support of its conclusion, the district court cited problems with the DC-27 form. The district court acknowledged that paragraph 5 of the report gives a reason for the stop as "officer observed vehicle swerving." The court noted that the certifying officer did not personally observe the vehicle swerving, so the report was inaccurate. The court then noted that it was a problem that the observing officer did not sign the DC-27 form and that Martin failed to list his basis for reasonable suspicion under paragraph 6 of the form. The district court stated "on the basis of the stop and the failure of the DC-27 form to indicate what the officer testified about today I think that's a problem and . . . I'm going to find that [Bowen] has met [his] burden of proof and will grant the petition." The KDOR's appeal brings this matter before us.

4

The KDOR asserts the district court erred in finding that Martin lacked reasonable grounds to believe Bowen was operating a motor vehicle while under the influence of alcohol. In support of its claim, the KDOR asserts that Martin correctly relied on another officer's observations in obtaining reasonable grounds to believe Bowen was operating the vehicle and that the reasonable grounds need not be specifically delineated on the DC-27 form. Bowen did not present a brief or make any arguments in this case.

"[T]he determination of whether an officer has reasonable grounds for a particular action involves a mixed question of law and fact." *Poteet v. Kansas Dept. of Revenue*, 43 Kan. App. 2d 412, 415, 233 P.3d 286 (2010). We review the district court's decision in a driver's license suspension case for substantial competent evidence. *Swank v. Kansas Dept. of Revenue*, 294 Kan. 871, 881, 281 P.3d 135 (2012). Evidence is substantially competent when a reasonable person would accept it as adequate to support a conclusion. *State v. Jolly*, 301 Kan. 313, 325, 342 P.3d 935 (2015). When reviewing factual findings, we do not reweigh evidence, resolve evidentiary conflicts, or make determinations regarding witness credibility. *State v. Hall*, 292 Kan. 841, 859, 257 P.3d 272 (2011).

The element of intoxication is easily found in this case. Bowen admitted on two separate occasions that he had consumed alcohol prior to driving his vehicle. In addition to his admission, Bowen smelled of alcohol, failed each of the roadside alcohol tests, and generally acted in a manner that would suggest he was intoxicated by sitting down on the hood of the police car during the stop and using his truck to balance himself while moving towards the back of the truck. As such, the only issue remaining before this court is whether Martin had reasonable grounds to believe that Bowen was operating his vehicle.

In determining that Martin lacked reasonable grounds to believe Bowen was operating the vehicle, the district court cited the problems with the DC-27 form as the basis for its decision. We disagree and find that the district court's holding was not supported by substantial competent evidence.

Reasonable grounds is strongly related to and synonymous with probable cause. *Smith v. Kansas Dept. of Revenue*, 291 Kan. 510, 513-14, 242 P.3d 1179 (2010). Reasonable grounds is measured considering all the facts and circumstances. 291 Kan. at 515. For an officer to have reasonable grounds to believe a person is operating a motor vehicle while under the influence of alcohol and order a breath test, an officer "may act on personal knowledge or on the basis of the collective information available to law enforcement officers involved in the accident investigation or arrest." K.S.A. 2016 Supp. 8-1001(b). The collective information need not be communicated between officers because the reasonable grounds analysis focuses "on all of the investigating officers as a whole." *Angle v. Kansas Dept. of Revenue*, 12 Kan. App. 2d 756, 768, 758 P.2d 226 (1988).

K.S.A. 2016 Supp. 8-1002(a) requires the arresting officer to prepare the DC-27 form. K.S.A. 2016 Supp. 8-1002(a)(1) only requires that the officer certify "[t]here existed reasonable grounds to believe the person was operating or attempting to operate a vehicle while under the influence of alcohol or drugs." K.S.A. 2016 Supp. 8-1002(a)(1) does not require the officer to state the reasonable grounds with any particularity. *Thomas v. Kansas Dept. of Revenue*, 26 Kan. App. 2d 132, 133, 979 P.2d 1255 (1999). At trial, the State may establish the information usually contained in the DC-27 form via the properly completed DC-27 form, through competent testimony, or through a combination of the two. *State v. Baker*, 269 Kan. 383, Syl. ¶ 2, 2 P.3d 786 (2000).

In *Nordhus v. Kansas Dept. of Revenue*, 113,539, 2016 WL 758362, at *4 (Kan. App. 2016) (unpublished opinion), this court held the certifying officer had reasonable

6

grounds to believe the defendant was operating the vehicle when the defendant testified that he had driven his vehicle to the location of the traffic stop earlier in the day and the officer testified that at the time of the stop the engine had been running. This court relied on the information contained in the DC-27 form as well as the trial testimony of one of the arresting officers to find that the officer had reasonable grounds to make the arrest.

In *Angle*, this court determined that the certifying officer had reasonable grounds to believe that the defendant was operating a vehicle under the influence of alcohol when a separate officer witnessed the action. 12 Kan. App. 2d at 765. There, the defendant was arrested by officer 1 for driving under the influence of alcohol after the defendant was involved in a motor vehicle accident. Officer 1 completed a field sobriety test and observed the accident scene. Officer 1 took the defendant to the police station and passed him off to officer 2. Officer 1 only told officer 2 to administer the implied consent procedure and to submit the defendant to a breath test. Officer 1 did not communicate the precise reasons that he had a reasonable suspicion of DUI. Officer 2 testified that she could immediately smell alcohol on the defendant, but that she did not otherwise conduct an alcohol evaluation. Officer 2 read the defendant his rights under the implied consent advisory and requested that he take a breathalyzer test. The defendant refused to take the breath test.

This court held that officer 2 did not have reasonable grounds to request the test based on her own observations because she did not observe the field sobriety test and did not conduct any alcohol evaluation on her own. The court then held that officer 2 had reasonable grounds to request the breath test based on the observations of officer 1. 12 Kan. App. 2d at 767.

Here, the evidence before the district court showed that Martin did not personally observe Bowen operating or attempting to operate his vehicle. However, the evidence also showed that dispatch advised Martin that the subject vehicle was being operated

7

erratically, that Elmore observed Bowen swerving and driving erratically, and that Elmore communicated this observation to Martin. Further, the evidence shows that Bowen was in the driver's seat when Martin arrived and that Bowen testified at trial that he drove the car to its location and parked the car when Elmore effectuated the stop. An officer's reasonable suspicion does not have to come from his own observations. He may reasonably rely on the observations of other officers in forming his opinion. *Angle*, 12 Kan. App. 2d at 768. Following the logic of *Nordhus* and *Angle*, Martin had reasonable grounds to believe that Bowen had committed a traffic infraction while operating a vehicle because the investigating officers as a whole observed Bowen operating his vehicle erratically.

The fact that Martin failed to disclose with particularity on the DC-27 form his reasonable grounds for believing that Bowen was operating the vehicle is immaterial to our analysis. A quick read of the statute and our prior caselaw shows that the certifying officer merely needs to certify that reasonable grounds existed. The officer is not required to state with any particularity what the reasonable grounds were. K.S.A. 2016 Supp. 8-1002(a)(1); *Thomas*, 26 Kan. App. 2d at 133. The officer may then supplement the information on his form at trial via competent testimony. See *Baker*, 269 Kan. at 387. The evidence shows that Martin certified that reasonable grounds existed by initialing next to paragraph 6 and signing on the bottom of the form and further supplementing the information via testimony at trial. Therefore, the district court was misguided when it placed an emphasis on Martin failing to state the reasonable grounds for his belief that Bowen was operating the vehicle on the DC-27 form and when it disregarded his testimony stating the reasonable grounds for his belief.

In light of the above, the district court's opinion was not supported by substantial competent evidence and the administrative hearing officer's holding should be affirmed. The overwhelming evidence shows that Martin had reasonable grounds to believe that

Bowen was operating a vehicle under the influence of alcohol and, therefore, had reasonable grounds to demand Bowen submit to the breath-alcohol test.

Reversed and remanded with directions to reinstate the administrative decision suspending Bowen's driving privileges.