NOT DESIGNATED FOR PUBLICATION

No. 117,609

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

THOMAS BRYANT,
*Appellant*,

v.

KANSAS DEPARTMENT OF REVENUE,
*Appellee*.

MEMORANDUM OPINION

Appeal from Russell District Court; RON SVATY, judge. Opinion filed April 27, 2018. Affirmed.

*Michael S. Holland II*, of Holland and Holland, of Russell, for appellant.

*John D. Shultz*, of Legal Services Bureau, Kansas Department of Revenue, for appellee.

Before MALONE, P.J., BUSER and GARDNER, JJ.

PER CURIAM: Thomas Bryant appeals the district court's decision upholding the Kansas Department of Revenue's (KDR) suspension of his driver's license for failing an evidentiary breath test. Bryant claims the district court erred in finding that the arresting officer had reasonable grounds to request testing. Specifically, Bryant argues that the district court erred by considering the results of the preliminary breath test (PBT), which he claims were inadmissible at the suspension hearing because the PBT violated his rights under the Fourth Amendment to the United States Constitution. But because we conclude that the arresting officer had reasonable grounds to believe that Bryant was operating a vehicle while under the influence of alcohol—even without the PBT results—we affirm the district court's judgment upholding the driver's license suspension.

1

FACTS

On August 22, 2015, around 1:30 a.m., Officer Travis Peck of the City of Russell Police Department observed Bryant run a stop sign. Peck initiated a traffic stop based solely on the observed traffic infraction. But after approaching Bryant's vehicle, Peck detected multiple indicators of intoxication, including the odor of alcohol, slurred speech, and glassy and bloodshot eyes. Bryant also told Peck that he failed to stop because he did not see the stop sign. During further conversation, Bryant admitted to consuming alcohol, approximating that he had consumed four to five beers.

Peck then asked Bryant to perform two field sobriety tests. On the walk-and-turn test, Bryant exhibited one clue, which is a passing score. On the one-leg stand test, Bryant exhibited two clues, which is also a passing score. Peck then requested Bryant to submit to a PBT, and Bryant failed the test. Peck arrested Bryant for driving under the influence (DUI). After receiving his implied consent advisories, Bryant submitted to an evidentiary breath test with a result of .112, which is over the legal limit.

Based upon the test failure, the KDR notified Bryant that his driver's license was subject to suspension. Bryant requested an administrative hearing, and the hearing officer upheld the suspension. On March 2, 2016, Bryant filed a petition for judicial review in district court. In his petition and trial brief, Bryant argued, among other things, that Peck lacked reasonable grounds to request an evidentiary breath test, that the PBT statute was facially unconstitutional, and that the PBT was administered without consent.

The district court held a trial de novo on August 11, 2016. Peck was the only witness at the trial and he testified to the above facts. In a journal entry filed on March 28, 2017, the district court found that Peck "had reasonable grounds to request that plaintiff submit to testing," thereby denying Bryant's petition and upholding the driver's license suspension. Bryant timely filed a notice of appeal.

ANALYSIS

On appeal, Bryant claims that Peck did not have reasonable grounds to request an evidentiary breath test. Bryant first points out that Peck admitted he did not fail either field sobriety test and that he was driving appropriately prior to the traffic stop other than his failure to stop at a stop sign. He also argues that the PBT results should not be included in the reasonable grounds determination because the PBT results were obtained in violation of his Fourth Amendment rights. Bryant argues that without the PBT results, Peck never had reasonable grounds to request an evidentiary breath test.

In contrast, the KDR argues that Peck had reasonable grounds to request that Bryant submit to testing. The KDR does not address Bryant's challenge to the constitutionality of the PBT. Based on the totality of the evidence, the KDR asks this court to uphold Bryant's driver's license suspension.

Appeals from the administrative suspension of driver's licenses are subject to review under the Kansas Judicial Review Act (KJRA). K.S.A. 2017 Supp. 8-259(a); *Moser v. Kansas Dept. of Revenue*, 289 Kan. 513, 516, 213 P.3d 1061 (2009). The KJRA defines the scope of judicial review of the KDR's actions. K.S.A. 2017 Supp. 77-603(a); *Ryser v. Kansas Bd. of Healing Arts*, 295 Kan. 452, 458, 284 P.3d 337 (2012). Based on Bryant's arguments, our review falls under K.S.A. 2017 Supp. 77-621(c)(1) and (c)(7), which states:

> "(c) The court shall grant relief only if it determines any one or more of the following:
>
> (1) The agency action, or the statute or rule and regulation on which the agency action is based, is unconstitutional on its face or as applied;
>
> . . . .
>
> (7) the agency action is based on a determination of fact, made or implied by the agency, that is not supported to the appropriate standard of proof by evidence that is

3

substantial when viewed in light of the record as a whole, which includes the agency record for judicial review, supplemented by any additional evidence received by the court under this act."

Bryant bears the burden of proving the invalidity of the agency action. See K.S.A. 2017 Supp. 77-621(a)(1) ("The burden of proving the invalidity of agency action is on the party asserting invalidity."). With respect to whether reasonable grounds existed to believe Bryant was DUI, our standard of review is whether the decision is supported by substantial competent evidence. *Swank v. Kansas Dept. of Revenue*, 294 Kan. 871, 881, 281 P.3d 135 (2012) (citing *Allen v. Kansas Dept. of Revenue*, 292 Kan. 653, 657, 256 P.3d 845 [2011]). "'Substantial competent evidence is such legal and relevant evidence as a reasonable person might accept as being sufficient to support a conclusion.'" *Gannon v. State*, 298 Kan. 1107, 1175, 319 P.3d 1196 (2014).

To the extent this case involves a constitutional issue, we exercise unlimited review. *Martin v. Kansas Dept. of Revenue*, 285 Kan. 625, 629, 176 P.3d 938 (2008), *overruled on other grounds by City of Atwood v. Pianalto*, 301 Kan. 1008, 350 P.3d 1048 (2015). But an appellate court will not reach a constitutional issue unless it is necessary to dispose of the appeal. Stated differently, "where there is a valid alternative ground for relief, an appellate court need not reach constitutional challenges." *Wilson v. Sebelius*, 276 Kan. 87, 91, 72 P.3d 553 (2003).

Turning to the primary issue, Bryant claims that Peck did not have reasonable grounds to request an evidentiary breath test. Under Kansas law, any person who operates a vehicle within the state is deemed to have given consent to submit to a test to determine the presence of alcohol or drugs. K.S.A. 2017 Supp. 8-1001(a). Law enforcement officers can conduct these tests if certain statutory conditions are present. K.S.A. 2017 Supp. 8-1001(b) provides:

"(b) A law enforcement officer shall request a person to submit to a test or tests deemed consented to under subsection (a): (1) If, at the time of the request, the officer has *reasonable grounds to believe* the person was operating or attempting to operate a vehicle while under the influence of alcohol or drugs, or both . . . and one of the following conditions exists: (A) The person has been arrested or otherwise taken into custody for any violation of any state statute, county resolution or city ordinance." (Emphasis added.)

Under the statute, an officer may request a driver to submit to an evidentiary breath test if the officer has reasonable grounds to believe that the driver was operating a vehicle under the influence of alcohol. Reasonable grounds is the equivalent of probable cause. See *Swank*, 294 Kan. at 881. "'Probable cause is determined by evaluating the totality of the circumstances,' giving consideration to 'the information and fair inferences therefrom, known to the officer at the time of arrest,' with 'no rigid application of factors.'" 294 Kan. at 881 (quoting *Allen*, 292 Kan. at 656-57).

The KDR's brief cites several Kansas appellate court decisions to support its claim that, under the facts of this case, Peck had reasonable grounds to believe that Bryant was operating a vehicle while under the influence of alcohol. We find that the most applicable case is *Smith v. Kansas Dept. of Revenue*, 291 Kan. 510, 242 P.3d 1179 (2010), which is not cited by the KDR. In that case, Smith argued, as Bryant does now, that the arresting officer lacked reasonable grounds to believe that Smith was operating a vehicle under the influence of alcohol. In doing so, Smith further argued that the PBT results should have been excluded from his suspension hearing because the statute authorizing the PBT was unconstitutional. In rejecting Smith's arguments, our Supreme Court found that the following facts in Smith's case amounted to reasonable grounds for the officer to request an evidentiary breath test:

"(1) [S]melling alcohol upon his initial contact with Smith; (2) observing Smith had bloodshot and watery eyes; (3) Smith's admission to having a few drinks that evening; (4) Smith's admission that his last drink was approximately 30 minutes before his contact

5

with the trooper; (5) the smell of alcohol wafting from Smith's truck; (6) viewing an open container in Smith's truck; (7) Smith's difficulty with a prefield sobriety test; (8) Smith presenting two clues on the walk-and-turn field sobriety test; and (9) Smith presenting one clue on the one-leg stand field sobriety test." 291 Kan. at 518-19.

Our Supreme Court further found that the officer had reasonable grounds to believe that Smith was operating a vehicle while under the influence of alcohol *prior* to the PBT request. 291 Kan. at 519. As a result, the court concluded that it was unnecessary to rule on the constitutionality of the PBT statute in order to resolve Smith's appeal. 291 Kan. at 519.

Similarly, in this case, (1) Peck observed Bryant commit a traffic infraction by failing to stop at a stop sign, and Bryant admitted to Peck that he did not see the stop sign; (2) Peck smelled alcohol upon contact with Bryant; (3) Bryant had slurred speech; (4) Peck observed Bryant with bloodshot and watery eyes; (5) Bryant admitted to consuming alcohol, estimating he had consumed four to five beers; and (6) Bryant presented one clue on the walk-and-turn test and two clues on the one-leg stand test. Peck then asked Bryant to submit to a PBT and ultimately arrested him for DUI.

Bryant's situation is substantially the same as Smith's. Even without considering the PBT results, we find that Peck had probable cause, i.e., reasonable grounds, to believe that Bryant was operating a vehicle while under the influence of alcohol sufficient for Peck to request Bryant to submit to an evidentiary breath test. Stated differently, substantial competent evidence, excluding the PBT results, supported the district court's determination that Peck had reasonable grounds to request an evidentiary breath test. Thus, we need not address the constitutionality of the PBT because alternative, dispositive grounds exist to decide the issue. See *Smith*, 291 Kan. at 519.

Finally, we will address Bryant's argument that his passing the field sobriety tests and proper driving (other than failing to stop at a stop sign) meant that Peck did not have reasonable grounds to request a breath test. The Kansas Supreme Court rejected a similar argument in *State v. Edgar*, 296 Kan. 513, 294 P.3d 251 (2013). In that case, an officer conducting a DUI investigation requested the driver to submit to a PBT even after the driver passed field sobriety tests. An issue on appeal was whether a driver's favorable results from field sobriety tests administered prior to a request for a PBT dissipated the reasonable suspicion statutorily required to support the request for a PBT. The court ultimately held that the fact that a driver passes one or more field sobriety tests does not necessarily dispel reasonable suspicion for an officer to request a PBT, but instead a driver's performance on field sobriety tests is part of the totality of the circumstances that must be examined. 296 Kan. 513, Syl. ¶ 2.

By analogy, just because Bryant had passing scores on his field sobriety tests does not mean that Peck lacked reasonable grounds to believe that Bryant was operating a vehicle while under the influence of alcohol. Instead, the evidence that Bryant presented one clue on the walk-and-turn test and two clues on the one-leg stand test was part of the totality of the circumstances that Peck could consider in determining whether reasonable grounds exited to request an evidentiary breath test. The evidence of the traffic infraction, the odor of alcohol, slurred speech, glassy and bloodshot eyes, Bryant's admission to consuming alcohol, and his performance on the field sobriety tests, considered under the totality of the circumstances, provided reasonable grounds for Peck to believe that Bryant was operating a vehicle while under the influence of alcohol. Thus, we conclude that the district court's decision to uphold the KDR's suspension of Bryant's driver's license is supported by substantial competent evidence in the record.

Affirmed.