(930 P.2d 620)

No. 74,419

STATE OF KANSAS, *Appellee*, v. ANTHONY HOUZE, *Appellant.*

Opinion filed January 10, 1997.

*J. Patrick Lawless, Jr.,* and *Alice Craig,* assistant appellate defenders, and *Steven R. Zinn,* deputy appellate defender, for the appellant.

*Thomas R. Stanton,* assistant county attorney, *Julie McKenna,* county attorney, and *Carla J. Stovall,* attorney general, for the appellee.

Before PIERRON, P.J., ROGG, S.J., and DAVID PRAGER, Chief Justice Retired, assigned.

PRAGER, C.J.: Anthony D. Houze appeals his convictions of possession of cocaine with intent to sell and possession of a controlled substance without a tax stamp affixed.

On the basis of a confidential informant's tip, the police stopped Houze as he walked from his parked car towards a residence. They searched him without a warrant, discovered cocaine in his possession, and arrested him. Houze filed a motion to suppress the evidence found during the search, and the district court denied it. He was then tried by the court on stipulated facts, found guilty, and

sentenced to a controlling period of 15 months and a 26-month period of postrelease supervision. He appeals the denial of his motion to suppress and the postrelease supervision provision of his sentences.

The first issue to be determined is whether the trial court erred in denying Houze's motion to suppress the evidence found during the warrantless search of his person.

In determining whether a district court erred in not suppressing evidence during a warrantless search, an appellate court normally gives great deference to the factual findings of the district court. However, the ultimate issue of whether the evidence should have been suppressed is a legal question requiring independent appellate determination. *State v. Vandiver*, 257 Kan. 53, 58, 891 P.2d 350 (1995).

On a motion to suppress evidence, the State bears the burden of proving the lawfulness of a search and seizure. Searches conducted without a warrant issued on probable cause are per se unreasonable under the Fourth Amendment to the United States Constitution and § 15 of the Kansas Constitution Bill of Rights, subject only to a few specially established and well-delineated circumstances. *State v. Platten*, 225 Kan. 764, Syl. ¶ 3, 594 P.2d 201 (1979).

The exception relied upon by the State in this case is the exception which allows a warrantless search where there is probable cause for the search and exigent circumstances which justify an immediate search. Probable cause to justify a warrantless search exists where "the facts and circumstances within the knowledge of the officer making the arrest or search, and of which he had reasonably trustworthy information, are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed." *State v. Hays*, 221 Kan. 126, Syl. ¶ 1, 557 P.2d 1275 (1976).

Exigent circumstances exist where the police officer reasonably believes there is a threat of imminent loss, destruction, removal, or concealment of evidence or contraband. In each case, the particular facts must be considered. See 79 C.J.S., Searches and Seizures § 63, and the many cases cited therein.

The use of informants can be an acceptable method of establishing probable cause. See *Aguilar v. Texas*, 378 U.S. 108, 12 L. Ed. 2d 723, 84 S. Ct. 1509 (1964). Courts should use a totality of the circumstances test in evaluating whether there is probable cause based on an informant's tip. In this case, an analysis of the facts indicates that the officers had probable cause for the search. They had personal knowledge that the confidential informant had proven to be accurate in at least 5 prior investigations. They had no reason to believes this time would be any different. This informant had predicted with great accuracy the motel where Houze would be later in the evening, the car and license tag number of the car he would be driving, and the time he would be there. The police independently verified each of the aspects of the informant's tip. The informant's accuracy in predicting these details indicated the informant was privy to accurate information about Houze and his activities, allowing a reasonable belief that the informant's assertions that Houze dealt in drugs and would be in possession of drugs that evening would also be true. It should also be noted the informant advised the police that he had had contact with Houze on *that day* and had observed him with drugs.

In *Draper v. United States*, 358 U.S. 307, 3 L. Ed. 2d 327, 79 S. Ct. 329 (1959), the Supreme Court addressed a situation where a federal narcotics agent conducted a warrantless arrest of a subject on the basis of an informant's tip. The informant gave a description of a person who would be arriving on a train during a certain time period in possession of a quantity of heroin, but gave no indication of the basis for the information. The Court found probable cause for the arrest and search, noting the informant had proven reliable on previous occasions and had given a detailed description of the subject and predicted his whereabouts at a particular time, all of which had been independently verified by the investigating agent. The court stated that, surely, with every bit of the information being thus personally verified, the agent had reasonable grounds to believe that the remaining unverified bit of information—that defendant would have the heroin with him—was likewise true.

The circumstances in this case are analogous to those in *Draper*. In both cases, the informant had a history of reliability and accu-

rately predicted the time and place where the subject would show up. The subject in *Draper* was going to be one of many other passengers disembarking from a train. If he was to be identified at all, it would be by how he was dressed and how he looked. In the present case, the detailed description of the car which Houze always drove and which he would be driving on the evening of July 5, 1994, and the fact that he was to be in the area of the Villager Lodge, enabled the officers to identify the subject with far greater accuracy than the mere description of a man would have given. Moreover, unlike in *Draper*, the Houze informant was able to provide a personal basis for his knowledge that Houze would be in possession of drugs on the day in question. Under the circumstances, we hold the trial court did not err in finding the police officers in this case had probable cause to search Houze without a warrant.

We turn now to the question of whether exigent circumstances existed in this case sufficient to justify an immediate search without a search warrant. In holding that exigent circumstances existed in this case, the district court found the evidence, the drugs, would most likely have been lost or destroyed had Houze been able to proceed to his destination in the building, and it would not have been reasonable to require the officers to seek a search warrant under the circumstances facing them on the street.

The most common example of a warrantless search based on exigent circumstances is the search of a vehicle. The United States Supreme Court and the Kansas Supreme Court have both recognized that exigent circumstances may allow the warrantless search of a vehicle when probable cause has been established to justify a search. *Carroll v. United States*, 267 U.S. 132, 69 L. Ed. 543, 45 S. Ct. 280 (1925); *State v. Jaso*, 231 Kan. 614, Syl. ¶ 2, 648 P.2d 1 (1982). The courts reasoned that the fact evidence is located in an easily movable vehicle may justify a search which would not be allowed if a house or an office were involved. *State v. Harrington*, 2 Kan. App. 2d 592, Syl. ¶ 2, 585 P.2d 618 (1978). It was reasonable for the trial court in this case to believe that the fact the evidence might be located on the person of a suspect who had just removed himself from a vehicle compounded the probable loss of evidence

and made it more imperative that a warrantless search be conducted.

In this case the officers had probable cause to search the car and its driver, Houze, through their investigation of the information supplied by a reliable informant. Had the officers been able to stop Houze's car prior to his voluntarily stopping the car and exiting, a clear *Carroll* situation would have existed. The car and occupant could have been searched based on the information within the knowledge of the officers.

In this case, the officers tried, but were unable, to get a marked police vehicle to follow and stop Houze's car. The officers' car followed Houze's car until it stopped at a building. They immediately parked behind Houze, which should have been obvious to him. Houze and a passenger then exited the car, walked toward the building, and were not far from the car when the officers made contact with them. The officers identified themselves as law enforcement officers. They advised Houze why he had been stopped, asked him to step back to the car, and searched him. In Houze's left front pocket the officer found a plastic baggy containing cocaine. Officer Jackson testified he had probable cause to believe Houze was in possession of crack cocaine, and due to the circumstances Houze was searched.

The officers testified that safety concerns were important in determining that Houze should be immediately searched. In addition to the possibility that he might be armed based upon the officer's prior experience with drug crimes, a group of people had come out of the residence to inquire of the officers regarding their detention of Houze. The officers felt it was, therefore, imperative they control the situation by taking Houze into custody as soon as possible. Only by doing this could the officers then turn their attention to the group of persons approaching them from the house.

In its memorandum decision denying the motion to suppress, the trial court found the officers had probable cause to search Houze due to exigent circumstances. The court stated that from the facts, the evidence would most likely have been lost or destroyed had Houze been able to proceed to his destination and it would not have been reasonable to require the officers to seek a

search warrant under the circumstances facing them on the street. We have concluded the trial court correctly decided this issue, and its decision is affirmed.

In his second claim of error, Houze complains that in sentencing him, the trial court erred in ordering a 36-month period of postrelief supervision without making appropriate findings and stating compelling reasons for departing from the 24-month presumptive period designated for severity level 3 drug crimes under K.S.A. 1993 Supp. 22-3717(d)(1)(A). The State agrees a mistake was made in this regard in the presentence report.

In its brief, the State agreed to file in district court a motion to correct the sentence and an amended journal entry. It is directed to do so.

Convictions affirmed, sentences vacated, and case remanded for resentencing.