(36 P.3d 326)

No. 86,847

STATE OF KANSAS, *Appellant*, v. CYNTHIA MUDLOFF, *Appellee*.

Opinion filed December 7, 2001.

*Russell Roe*, assistant county attorney, *Ellen Mitchell*, county attorney, and *Carla J. Stovall*, attorney general, for appellant.

*Wm. Rex Lorson*, of Salina, for appellee.

Before ELLIOTT, P.J., BEIER, J., and PADDOCK, S.J.

ELLIOTT, J.: The State appeals the granting of Cynthia Mudloff's motion to suppress evidence.

We reverse and remand.

An off-duty Salina police officer was at Sharkey's Bar when a waitress told him she had been informed some females were snorting drugs in the bathroom. The officer called dispatch and asked for other officers to be sent to the bar. While waiting for backup, two of the females reentered the bathroom and a server followed; she returned and informed the officer the women were snorting drugs.

The officer and a female server entered the bathroom along with two more officers who had arrived. As Officer Shawn Daubert entered the bathroom, he heard a snorting sound and a voice saying,

"That's some good stuff." He then heard another voice say, "I've been doing this . . . shit since I was 17."

Officer Daubert knocked on the bathroom stall door and then pushed it open. Defendant and another woman were standing in the stall; defendant was holding a baggy containing white powder.

Defendant was charged with possession of methamphetamine. She filed a motion to suppress, claiming the evidence seized during Officer Daubert's entry into the bathroom stall was an unconstitutional search.

The trial court sustained the motion to suppress, finding bathroom stalls are designed to provide users with privacy and the entry and seizure were improper. In effect, the trial court ruled defendant had a reasonable expectation of privacy in the bathroom stall.

In reviewing a suppression of evidence ruling, we give deference to the trial court's factual findings, but the ultimate determination of the trial court's decision is a legal question subject to unlimited review. *State v. Jorrick*, 269 Kan. 72, 78, 4 P.3d 610 (2000).

Searches conducted without a warrant are per se unreasonable, subject to some exceptions. *State v. Houze*, 23 Kan. App. 2d 336, 337, 930 P.2d 620, *rev. denied* 261 Kan. 1088 (1997). A search within the meaning of the Constitution occurs when the government searches an area in which an individual has a subjective expectation of privacy which society is prepared to recognize as reasonable. *Kyollo v. United States*, 533 U.S. 27, 150 L. Ed. 2d 94, 121 S. Ct. 2038 (2001).

Our initial question is whether Mudloff had an expectation of privacy in the bathroom stall which society would recognize as reasonable. While Kansas has not addressed this particular issue, numerous other jurisdictions have.

Several courts hold an individual has an expectation of privacy which society would recognize as reasonable in a bathroom stall *at least* to the extent the stall was designed to provide privacy for private functions. See, *e.g., State v. Biggar*, 68 Hawaii 404, 407, 716 P.2d 493 (1986); *State v. Limberhand*, 117 Idaho 456, 460, 788 P.2d 857 (1990); *People v. Morgan*, 200 Ill. App. 3d 956, 958-59, 558 N.E.2d 524 (1990); and *City of Tukwila v. Nalder*, 53 Wash. App. 746, 751, 770 P.2d 670 (1989).

Other states hold a privacy right does not exist if it would not be reasonable considering the physical layout of the stall. See, *e.g.*, *State v. Jupiter*, 501 So. 2d 248, 250 (La. App. 1987).

We choose to adopt the reasoning of those courts holding an individual can assert a subjective expectation of privacy in a public bathroom stall, but society will not recognize that expectation as reasonable if the stall's occupant is engaged in activity other than the stall's intended use. See *People v. Mercado*, 112 Misc. 2d 368, 373-74, 446 N.Y.S.2d 980 (1982) (two individuals occupying same stall did not have reasonable expectation of privacy when engaged in audible conversation and officer's investigation was commenced by tip from informant; public bathroom stall affords only limited privacy and right of privacy disappears when stall is used for purposes other than intended use); *State v. Tanner*, 42 Ohio App. 3d 196, 199, 537 N.E.2d 702 (1988) (individual's subjective expectation of privacy limited when two people are in stall designed for use by one person; the people cannot reasonably expect to be free from intrusion when they use single stall for purposes other than that which was intended).

Kansas has addressed a similar issue recently. See *State v. Cooper*, 29 Kan. App.2d 177, Syl. ¶ 6, 23 P.3d 163 (2001) (holding defendant had no reasonable expectation of privacy inside video booth of adult entertainment establishment that society would recognize as reasonable; thus, inspection of booth by officer was not subject to Fourth Amendment protections).

Under the facts of this case, Mudloff did not have an expectation of privacy which society would recognize as reasonable. She entered the stall with another person and had an audible conversation, indicating to a passerby there was activity occurring not in accordance with the stall's intended use. The trial court erred in granting the motion to suppress.

Reversed and remanded for further proceedings.