No. 88,603

STATE OF KANSAS, *Appellee,* v. MICHAEL ABBOTT, *Appellant.*

(83 P.3d 794)

Opinion filed January 30, 2004.

*Patrick H. Dunn*, assistant appellate defender, argued the cause and was on the briefs for appellant.

*Franklin T. Bruce*, of Hutchinson, argued the cause, and *Thomas R. Stanton*, deputy district attorney, *Keith Schroeder*, district attorney, and *Phill Kline*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

GERNON, J.: We granted Michael Abbott's petition for review from a Court of Appeals' decision which affirmed his convictions of one count each of possession of methamphetamine with intent to sell and possession of drug paraphernalia.

Abbott became the focus of a drug investigation when a confidential informant (CI) advised Detective Howard Shipley that Abbott would be traveling in a two-tone van from Hutchinson to Haven, giving a specific date and time, to purchase methamphetamine from someone named Greg.

The person named Greg was known to Detective Shipley as Greg Proffitt, who lived near Haven and who was known as a seller of methamphetamine.

Detective Shipley parked near the Proffitt house in an unmarked car. Detective Shipley was called by the informant, who informed him that Abbott would be later than he had previously thought and that Abbott had just left Hutchinson.

Approximately 45 minutes after the call from the informant, Detective Shipley observed a two-tone tan van arrive at the Proffitt house. The van was there for approximately 30 minutes. When the van left, Detective Shipley followed it and eventually stopped the van and asked its occupants for identification. The van had three rows of seating. The front two rows consisted of two seats each. The third row was a bench seat. Abbott was seated on the bench seat. One of the van's owners was driving, and another owner was seated in the middle row.

Detective Shipley determined that there were no outstanding warrants and then asked the occupants to exit the vehicle. Detective Shipley checked the individuals for weapons and then searched the van. He discovered a glass pipe, a set of electronic scales, a pouch with ziplock baggies, a razor blade, and a business card folded into a funnel shape. All of these items were found in the rear pockets of the two seats in the middle of the van. Abbott was arrested and transported to the local law enforcement center for processing. A pouch of methamphetamine was discovered in his underwear.

Abbott was charged with and found guilty at a bench trial of possession of methamphetamine with intent to sell and possession of drug paraphernalia. Before his trial, the trial court denied his motion to suppress. The Court of Appeals affirmed his convictions in *State v. Abbott*, 31 Kan. App. 2d 706, 71 P.3d 1173 (2003). We granted Abbott's petition for review.

## Probable Cause to Arrest

Abbott frames his first issue on appeal as whether there was an unreasonable search and seizure, *i.e.*, a Fourth Amendment to the United States Constitution issue. We believe the starting point for any discussion is whether there was probable cause to support Abbott's arrest. We must first determine whether Abbott was lawfully arrested and, if so, whether the warrantless search which followed was permissible under the facts and circumstances.

Warrantless searches incident to an arrest are permissible. Police may search both the person and the immediate area surrounding the person contemporaneously with the arrest. *State v. Payne*, 273 Kan. 466, 475, 44 P.3d 419 (2002). This exception to the Fourth Amendment requirement for a warrant is codified at K.S.A. 22-2501, which provides:

"When a lawful arrest is effected a law enforcement officer may reasonably search the person arrested and the area within such person's immediate presence for the purpose of
(a) Protecting the officer from attack;
(b) Preventing the person from escaping; or
(c) Discovering the fruits, instrumentalities, or evidence of the crime."

Pursuant to K.S.A. 2002 Supp. 22-2401(c)(1), a law enforcement officer may arrest a person without a warrant if the officer has probable cause to believe that the person is committing or has committed a felony. " 'Probable cause is the reasonable belief that a specific crime has been committed and that the defendant committed the crime.' " *State v. Aikins*, 261 Kan. 346, 355, 932 P.2d 408 (1997) (quoting *State v. Grissom*, 251 Kan. 851, Syl. ¶ 22, 840 P.2d 1142 [1992]). Because probable cause does not require evidence of every element of a crime, it must not be confused with proof beyond a reasonable doubt of guilt. *Draper v. United States*, 358 U.S. 307, 311-12, 3 L. Ed. 2d 327, 79 S. Ct. 329 (1959); *Aikins*, 261 Kan. at 355.

In *Draper*, 358 U.S. at 313, the United States Supreme Court stated:

" 'In dealing with probable cause, . . . as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.' [Citation omitted.] Probable cause exists where 'the facts and circumstances within [the arresting officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that' an offense has been or is being committed. [Citation omitted.]"

When determining whether probable cause exists, this court considers the totality of the circumstances, including all of the information in the officer's possession, fair inferences therefrom, and any other relevant facts, even if they may not be admissible on the issue of guilt. *Payne*, 273 Kan. at 474.

In *Draper*, a federal narcotics agent received a tip from a CI that Draper had traveled from Denver to Chicago by train for the purpose of purchasing heroin and that Draper would be returning to Denver by train on one of two specified mornings. The CI gave the agent a detailed description of Draper, his clothing, and his luggage and noted that Draper habitually "walked real fast." Because the narcotics agent had found the information from the CI to be reliable in the past, he waited at the train station on the specified dates for someone matching the description given by the CI. Draper exited a train from Chicago on one of the mornings

specified and walked very quickly towards the exit. Draper had the exact physical attributes, clothing, and luggage matching the description given by the CI. The narcotics agent immediately arrested Draper and searched him, finding two envelopes of heroin in Draper's left hand. Draper sought to have the evidence suppressed, but the United States Supreme Court upheld the admission of the evidence, finding that the narcotics officer had probable cause to arrest Draper and had properly searched him incident to that arrest. 358 U.S. at 314. The *Draper* court focused on the CI's prior reliability; the CI's description of Draper's physical attributes including his appearance, clothing, luggage, and gait; the CI's accuracy in predicting Draper's activities; and the narcotics agent's confirmation of the CI's information. 358 U.S. at 313.

The Kansas Court of Appeals reached the same result in *State v. Houze*, 23 Kan. App. 2d 336, 930 P.2d 620, *rev. denied* 261 Kan. 1088 (1997). In *Houze*, law enforcement officers received a tip from a CI who had proven to be accurate in previous investigations. The CI advised the officers that Houze would arrive at a specified motel carrying drugs. In addition, the CI gave a description of Houze's car and license number and told the officer what time he would arrive. The CI also told the officers that he had contact with Houze on that day and that he had observed Houze with drugs. Based on this information, the officers awaited Houze's arrival at the motel in an unmarked vehicle, independently verifying the CI's tip when Houze arrived at the time and place and in the manner predicted by the CI. The officers later stopped Houze as he walked from his car into a residence, searched him without a warrant, discovered cocaine in his possession, and arrested him. The *Houze* court upheld the admission of the drug evidence, finding that the officers had probable cause to arrest Houze and that exigent circumstances justified his search and arrest without a warrant. 23 Kan. App. 2d at 338-41. The *Houze* court relied on the CI's previous accuracy in other investigations, the CI's accurate prediction of Houze's actions, the CI's accurate description of Houze's car, and the CI's personal basis for his knowledge. 23 Kan. App. 2d at 339.

This case is analogous to *Draper* and *Houze*. Detective Shipley received information from a CI who he knew to be reliable. He verified the accuracy of the CI's information by performing surveillance at the location where the CI predicted Abbott would purchase drugs. Abbott arrived at the location in the manner and at the time predicted by the CI. In fact, the CI called during the surveillance to update Detective Shipley on Abbott's arrival time because Abbott was running behind. In addition to the CI's information, Detective Shipley knew that Abbott had sold methamphetamine to the CI prior to the date of his surveillance in Haven and that Abbott's destination was the home of a methamphetamine distributor.

Based on the CI's prior reliability, the CI's accurate prediction of Abbott's activities and description of the vehicle he would be in, and Detective Shipley's independent confirmation of the CI's information, there was probable cause to arrest Abbott when Detective Shipley stopped behind the van and verified that Abbott was inside. Because the van was mobile and the evidence could have been lost or destroyed before a search warrant could be obtained, there were exigent circumstances justifying Abbott's immediate arrest and the search of the van without a warrant. See *Houze*, 23 Kan. App. 2d at 340-41. The subsequent search of Abbott at the police station was properly conducted as a search incident to a lawful arrest. See *Payne*, 273 Kan. at 475-76.

The facts in the record before us distinguish this appeal from *State v. Freel*, 29 Kan. App. 2d 852, 32 P.3d 1219 (2001), a case Abbott argues is analogous to his.

The CI in *Freel* informed police that Freel possessed drugs and was parked in a maroon station wagon in a specific location. An officer noticed the maroon station wagon leaving the parking location and followed it. After stopping Freel for failing to stop at a stop sign, the officer noticed that Freel acted nervously and the officer asked for permission to search Freel. When Freel failed to consent, the officer detained Freel until a drug dog could sniff the exterior of Freel's car. The drug dog did not alert on the exterior of the car, so the officer encouraged the dog to enter the open car window and sniff the interior of the car, where it ultimately dis-

covered drugs. Although the *Freel* court concluded that the officer had reasonable suspicion to stop and question Freel, the court suppressed the drug evidence, concluding that the sniff search of the interior of the car exceeded the scope of the stop and was not supported by probable cause. 29 Kan. App. 2d at 856-60.

A reading of *Freel* leads us to conclude that the quality of the information provided in Abbott's case is greater than in Freel's case. The *Freel* court correctly concluded that the CI there was a mere tipster who had not worked with law enforcement for approximately a year, there was no corroboration of the information, and there was no evidence that the CI had witnessed any crime involving Freel. Here, there was evidence that the CI had executed a controlled purchase of methamphetamine from Abbott for Detective Shipley and that Detective Shipley had previously received reliable information from the CI.

We conclude, as did the Court of Appeals, although through a different analysis, that based on the reasoning found in *Draper* and *Houze*, Abbott's warrantless arrest was legal based on probable cause and the searches of Abbott and the van were valid incident to that arrest.

## Sufficiency of the Evidence

Abbott next claims that there is insufficient evidence to support his conviction for possession of drug paraphernalia. When considering whether there was sufficient evidence to support a criminal conviction, an appellate court must review all of the evidence, viewed in a light most favorable to the prosecution. If the appellate court is convinced that a rational factfinder would have found the defendant guilty beyond a reasonable doubt, then the conviction must be affirmed. *State v. Beach*, 275 Kan. 603, Syl. ¶ 2, 67 P.3d 121 (2003).

The drug paraphernalia in this case was found in the rear seat pocket of both of the two middle seats in a customized van. Detective Shipley observed Abbott in the third row of seats in the van. One of the owners of the van was seated in one of the middle seats; the other owner was in the driver's seat. The officer observed

movement in the van before he contacted the occupants but could not determine what the movement was or who had been moving.

Citing *State v. Rios*, 19 Kan. App. 2d 350, 869 P.2d 755 (1994), the Court of Appeals determined that this case "is not a case of nonexclusive possession," presumably because Abbott was sitting in the third seat behind the seat pockets where the drug paraphernalia was found. *Abbott*, 31 Kan. App. 2d at 715. This conclusion, however, overlooks the fact that the van was not owned by Abbott and was occupied by two other people.

In *State v. Faulkner*, 220 Kan. 153, 160, 551 P.2d 1247 (1976), this court stated that

"when illicit drugs are found in an automobile containing more than one person, the defendant's mere presence in the vehicle, without more, would not sustain his conviction for possession. Other circumstances which have been held sufficiently incriminating to link a defendant with illicit drugs in a vehicle are his previous participation in the sale of drugs, his use of narcotics, his proximity to the area where the drugs are found and the fact the drugs were found in plain view."

In reversing the defendant's conviction for possession of drugs, the *Rios* court relied on this language from *Faulkner* and listed additional factors that may be considered for establishing possession when there is more than one person present when the contraband is found, including:

"(1) incriminating statements made by defendant; (2) suspicious behavior on the part of the defendant; (3) previous drug sales by defendant; (4) defendant's use of narcotics; (5) proximity of defendant to the area where drugs were found; (6) drugs found in plain sight; and (7) other drugs or paraphernalia found on defendant." 19 Kan. App. 2d at 357.

Several of these factors point to Abbott's possession of the drug paraphernalia. They include his proximity to the area where the items were found, his previous drug sale to the CI, and his possession of drugs in his underwear when the drug paraphernalia was found.

The United States Supreme Court recently ruled on a case which has similar facts, and that ruling requires us to extend our ruling in *Faulkner*.

In *Maryland v. Pringle*, 540 U.S. 366, 157 L. Ed. 2d 769, 124 S. Ct. 795 (2003), a police officer stopped a car for speeding, searched the car, seized $763 from the glove compartment of the car and cocaine from behind the back-seat armrest, and arrested the car's three occupants after they denied ownership of the drugs and money. Pringle, who had been the front-seat passenger, was convicted of possession with intent to distribute cocaine and possession of cocaine and was sentenced to 10 years' imprisonment. The Maryland Court of Special Appeals affirmed, but the Maryland Court of Appeals reversed, holding that absent specific facts tending to show Pringle's knowledge and dominion or control over the drugs, the mere finding of cocaine in the back-seat armrest when Pringle was a front-seat passenger in a car being driven by its owner was insufficient to establish probable cause for an arrest for possession.

The United States Supreme Court held:

"We think it an entirely reasonable inference from these facts that any or all three of the occupants had knowledge of, and exercised dominion and control over, the cocaine. Thus, a reasonable officer could conclude that there was probable cause to believe Pringle committed the crime of possession of cocaine, either solely or jointly." 540 U.S. at 372.

*United States v. Di Re*, 332 U.S. 581, 92 L. Ed. 210, 68 S. Ct. 222 (1948), is also helpful to this analysis. The *Di Re* Court concluded that there was no probable cause for arresting Di Re because an informant had singled out another occupant in the car as the culprit. The Court there stated: "Any inference that everyone on the scene of a crime is a party to it must disappear if the Government informer singles out the guilty person." 332 U.S. at 594.

Such singling out by an informant is precisely within the factual record in this case. We, therefore, conclude that there was sufficient evidence to support Abbott's conviction for possession of drug paraphernalia even though he was not the owner or the sole occupant of the van.

Abbott's convictions are affirmed.

Judgment of the Court of Appeals is affirmed. Judgment of the district court is affirmed.

BEIER, J., not participating.

LARSON, S.J., assigned.