NOT DESIGNATED FOR PUBLICATION

No. 121,970

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TOMMIE BAGGETT,
*Appellant*.

MEMORANDUM OPINION

Appeal from Riley District Court; MERYL D. WILSON, judge. Opinion filed October 30, 2020.
Affirmed.

*Craig N. Olsen*, of Morrison, Frost, Olsen, Irvine & Schartz, LLP, of Manhattan, for appellant.

*David Lowden*, deputy county attorney, *Barry R. Wilkerson*, county attorney, and *Derek Schmidt*,
attorney general, for appellee.

Before ATCHESON, P.J., SCHROEDER and WARNER, JJ.

PER CURIAM: A jury found Tommie Baggett guilty of possession of marijuana after
police found drugs in the car he was driving. Baggett appeals, arguing the evidence at
trial was insufficient to show he possessed marijuana. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On the evening of July 3, 2017, Officer Shayne Boswell of the Kansas State
University Police Department stopped a red Chevy Impala for speeding. The driver
identified himself as Baggett; his then-girlfriend, M.L., sat in the front passenger seat.
While talking with Baggett, Officer Boswell noticed the smell of raw marijuana coming

1

from the car, an odor another officer confirmed. Officer Boswell asked Baggett if there was marijuana in the vehicle. Baggett denied there was any marijuana in the car, claiming he had never smoked marijuana before.

Officer Boswell then decided to search the car and asked Baggett and M.L. to exit. Baggett became "fidgety and visibly nervous." He reached his hand under a blanket on the passenger floorboard and also appeared to be trying to hide something under his thigh. The officer told him that if he was trying to conceal marijuana, it would be better to be honest about it. Baggett then got out of the car and told Officer Boswell "that he had a half gram of marijuana in the passenger side floorboard." M.L. handed the baggie of marijuana to the officer.

M.L. then told Officer Boswell that there was also a pipe and a scale in the car that belonged to her mother. She retrieved both from the center console and gave them to him. Officer Boswell then searched the car and found a lockbox-style safe and a box of plastic baggies under a blanket on the passenger floorboard, as well as a loose marijuana bud, a headphone case containing a small amount of marijuana, folded baggies, and baggies with the corner ripped off.

Since Baggett and M.L. were minors when they were pulled over, the officers took them to the police station to contact their guardians and for processing by juvenile intake. The officers did not have consent to search the safe, so they requested a search warrant and informed Baggett he could not go back to the car. And an officer stayed by the car to ensure nobody removed anything.

At some point after his release, Baggett returned to the car with the keys, ostensibly to retrieve his debit card and personal papers from inside. When he saw the officer stationed there, Baggett became nervous and left after talking to the officer. The

officers eventually obtained a search warrant, opened the safe, and found four baggies containing various amounts of marijuana inside.

Although Baggett was driving when the car was pulled over, the car was registered to M.L.'s grandmother and driven primarily by M.L. Her mother had been driving the car for about a month before the traffic stop, and M.L.'s brother would drive the car with their mother to practice for a driving test. M.L.'s mother testified at Baggett's trial that she returned the car to M.L. a few days before the stop at issue here. And she testified that when she was driving the car, she never saw a safe; she also stated she did not leave any marijuana, the scale, or the safe in the car.

The State eventually charged Baggett with possession of marijuana with intent to distribute and two counts of possession of drug paraphernalia with the intent to distribute, based on the scale and the safe.

At the subsequent trial, Baggett testified he knew the baggie on the passenger floorboard contained marijuana, which he believed belonged to M.L.'s mother, and that he attempted to conceal it from police. And although he saw the safe, he testified that it was not his, and he did not know what was in it. M.L. testified at the trial as well. By the time of the trial, Baggett and M.L. were no longer dating. Though M.L. had testified at the preliminary hearing that the baggie of marijuana, the scale, the safe, and its contents belonged to her mother, at trial she stated these items belonged to Baggett. She also testified that Baggett returned to the car after his release to remove the safe.

After hearing this evidence, the jury found Baggett was not guilty of the distribution and drug-paraphernalia charges. But it found him guilty of the lesser-included offense of possession of marijuana, a misdemeanor. The court ordered that he serve a six-month sentence in the Riley County jail. Baggett appeals.

3

Baggett argues the evidence at trial was insufficient to show he possessed marijuana. When a defendant challenges the sufficiency of the evidence, an appellate court reviews the evidence "in a light most favorable to the State to determine whether a rational factfinder could have found the defendant guilty beyond a reasonable doubt." *State v. Rosa*, 304 Kan. 429, Syl. ¶ 1, 371 P.3d 915 (2016). When doing so, the court does not reweigh the evidence, resolve conflicting evidence, or reassess witness credibility. *State v. Keel*, 302 Kan. 560, 566, 357 P.3d 251 (2015).

Possession, as required to support a conviction for possession of marijuana under K.S.A. 2019 Supp. 21-5706(b)(3), entails either "joint or exclusive control over an item with knowledge of and intent to have such control or knowingly keeping some item in a place where the person has some measure of access and right of control." K.S.A. 2019 Supp. 21-5701(q). Possession comes in different forms: an item may be possessed exclusively, jointly with another, or constructively. 302 Kan. 560, Syl. ¶ 1. When a person is in nonexclusive possession of property—here, a car—containing drugs, the presence or access to the drugs, without more, is insufficient to establish possession. 302 Kan. 560, Syl. ¶ 2.

Possession can be established in multiple ways through direct or circumstantial evidence. For example, the jury may consider whether the defendant was near where the drugs were found, as well as whether the defendant was acting suspicious or made any incriminating statements. See *State v. Abbott*, 277 Kan. 161, Syl. ¶ 5, 83 P.3d 794 (2004); see also PIK Crim. 4th 57.040 (2018 Supp.) (providing a nonexhaustive list of factors that may be relevant to determine whether a defendant possessed a controlled substance). Baggett contends that the evidence at trial—including his proximity to the drugs, statements, and actions—and inferences therefrom, when considered as a whole, do not suggest he possessed marijuana. He notes that there was no evidence he ever sold a

controlled substance, and he denied ever using marijuana. And he emphasizes that the drugs were found on the passenger floorboard, not the driver's side; he also disputes the officers' claims that he acted nervous during their encounters.

In essence, Baggett's arguments ask that we reweigh the evidence and the jury's credibility assessments in order to come to a different conclusion. But that is not the role of an appellate court. Instead, we must determine whether there was evidence before the jury that could support, directly or circumstantially, its finding that he possessed marijuana. There is.

Here, Baggett initially stated he did not know whether there was any marijuana in the car, but he later admitted that the officers would find a half gram of marijuana on the passenger floorboard—where the officers had seen him reach only shortly before. Though he denied that this marijuana was his, the jury apparently did not credit his testimony. During the stop, he became nervous; he later returned to the car after he was released from the police station but again became agitated and turned around when he saw it was watched by a police officer. And M.L. testified that he owned the drugs found in the car. Again, although Baggett's testimony differed from M.L.'s account, appellate courts do not resolve conflicting evidence; M.L.'s testimony is sufficient to support the jury's finding that Baggett possessed drugs.

This evidence, when viewed in the light most favorable to the State, suggests that Baggett knew about the marijuana, whether in the baggie or in the safe, and had control over it or attempted to exert control over it. There was sufficient evidence presented at trial to support the jury's finding that Baggett possessed marijuana.

Affirmed.

5